UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| IN RE NIR YACOVI | *<br>*<br>*<br>* | Bankruptcy Appeal<br>Civil Action No. 09-11988-JLT |

MEMORANDUM

May 24, 2010

TAURO, J.

I.   Introduction

Debtor Nir Yacovi appeals an Order of the Bankruptcy Court, dated October 14, 2009, which approved a Settlement Stipulation between the Trustee and certain defendants in an adversary proceeding within the Debtor's Chapter 7 bankruptcy action. For the following reasons, this court AFFIRMS the Bankruptcy Court's approval of the Settlement Stipulation.

II.   Background

On October 25, 2006, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, a bankruptcy estate was created, to which Harold B. Murphy was appointed Trustee. The sole creditors of the Debtor's Estate, as listed on his Schedules of Assets and Liabilities are (1) Rubin and Rudman, LLP, and Peter Finn, Esq. (collectively "R&R"), holding a non-priority unsecured claim for legal fees rendered in an unknown amount, and (2) the Debtor's former employer(s), URS Staffing Corporation and United Revenue Service, Inc. (collectively "URS"), holding a non-priority unsecured claim based upon a Decision and Award (the "Arbitration Decision") against the Debtor in the amount of $226,000, which was issued by an arbitrator for the American Arbitration Association's Employment Arbitration Tribunal. The

Arbitration Decision followed a suit for breach of contract by URS, based on the Debtor's misuse of URS's confidential client lists after he left URS's employ.

On January 17, 2007, URS filed an adversary proceeding against the Debtor seeking a determination that the Arbitration Award was a non-dischargeable debt because the Debtor had committed fraud or defalcation while acting in a fiduciary capacity, and/or committed embezzlement or larceny against URS. On February 2, 2008, URS filed a motion for summary judgment in this adversary proceeding, which the Bankruptcy Court allowed after finding the debt to be non-dischargeable. Thereafter, the Bankruptcy Court discharged the Trustee of his duties and closed the Debtor's Chapter 7 proceedings.

URS subsequently filed an action against the Debtor in Middlesex Superior Court to enforce the non-dischargeable Arbitration Award. The Debtor, in turn, filed a third-party complaint asserting claims for legal malpractice, breach of contract, and negligent infliction of emotional distress (collectively, the "Malpractice Claims") against R&R. As grounds for the Malpractice Claims, the Debtor alleged that R&R negligently provided him with legal advice as to his obligations to URS under his employment contract. Specifically, the Debtor claimed that R&R was negligent in concluding that the contract permitted the Debtor to compete with URS.

On May 13, 2009, the Debtor filed a Motion with the Bankruptcy Court seeking to reopen the case, so that he could schedule and disclose the Malpractice Claims against R&R, since they arose prior to the Petition Date but had not been listed on the Debtor's initial schedules. By order dated June 24, 2009, the Bankruptcy Court granted the Motion to Reopen to allow the Trustee to

investigate and administer the Malpractice Claims.[1]

The Debtor conducted a meeting of creditors, pursuant to 11 U.S.C. § 341, on July 31, 2009, at which the Trustee requested that the Debtor provide him with any and all documents relating to the Malpractice Claims. The Trustee also invited R&R to provide him with materials relating to any defenses thereto.  In order to preserve the benefit of the Malpractice Claims for the bankruptcy estate, the Trustee entered into two stipulations with R&R to toll the applicable statute of limitations while the Trustee conducted his investigation. The Bankruptcy Court approved each tolling agreement.

After the Section 341 meeting of creditors, the Trustee received numerous documents from both the Debtor and R&R. The Trustee and his counsel carefully reviewed the materials received. The Trustee also reviewed the pleadings from the Dischargeability Proceeding.  On September 29, 2009, the Trustee filed a Settlement Stipulation and Motion to Approve with the Bankruptcy Court. The Motion sought an order from the Bankruptcy Court approving a settlement reached by the Trustee and R&R, regarding the Debtor's Malpractice Claims. Pursuant to the Settlement Stipulation, R&R agreed to pay to the Trustee $25,000 in one installment within five days of approval of the Settlement Stipulation.  In addition, R&R agreed to waive any claims against the Debtor's estate, including a $244,027.94 non-priority unsecured claim for legal services rendered to the Debtor.  In consideration of the foregoing, the Trustee, on behalf of the Debtor's estate, released R&R from any claims, including the Malpractice Claims

---

[1] At the time the Debtor filed the Motion to Reopen, the Debtor also filed a Motion to Abandon, seeking to have the bankruptcy estate abandon the Malpractice Claims. After a hearing conducted on June 24, 2009, the Bankruptcy Court entered an order denying the Motion to Abandon. It is undisputed that the Malpractice Claims arose prior to the Debtor's bankruptcy filing and, accordingly, constitute property of the estate. See 11 U.S.C. § 541.

and any other claims arising out of the attorney-client relationship between R&R and the Debtor.

In the Motion to Approve, the Trustee set forth a description of his investigation of the merits of the Malpractice Claims, listing numerous documents and pleadings that he reviewed and considered in reaching the compromise contained in the Settlement Stipulation. Importantly, the Motion to Approve stated that, based upon the Trustee's investigation, a real risk existed that he may not prevail against R&R, and thus not recover anything at all, if the Malpractice Claims were pursued through formal litigation. The Trustee's analysis in this regard focused on the Arbitration Decision, which found that the Debtor was in fact permitted to compete with URS under his employment contract, but that he breached the contract by (1) using URS's confidential information to solicit clients and (2) preparing tax returns for URS customers, but keeping the fees for himself, though still in URS's employ. The Trustee further explained in his submissions to the Bankruptcy Court that there was scant evidence to support the allegation that R&R advised the Debtor that his employment contract permitted him, not only to compete with URS, but to solicit URS's customers for his own business. As such, the Trustee concluded that the likelihood of success in litigation was limited and that, in accordance with his fiduciary duties, he must forego any additional delay and expenses associated with pursuing the lawsuit.

On October 14, 2009, the Bankruptcy Court held a hearing on the Motion to Approve. At the hearing, the Trustee further elaborated on the scope of his investigation into the merits and value of the Malpractice Claims. The Trustee highlighted particular documents that provided information relevant to his conclusion that the Settlement Stipulation was fair, equitable, and in the best interests of the estate. And he stated to the Bankruptcy Court that he had thoroughly considered the merits of the Malpractice Claims and R&R's defenses thereto in arriving at the

proposed settlement.

Having heard oral argument and reviewed the Trustee's pleadings on the issue, the Bankruptcy Court granted the Motion to Approve over the Debtor's Objection, stating at the conclusion of the hearing that:

> "It's always a tough call when you've got a disputed piece of litigation that the Trustee thinks is not worth pursuing and somebody else thinks is worth pursuing. My obligation generally speaking is to rely on the expertise of the Trustee. In this particular matter I have no reason to doubt the amount of due diligence Mr. Murphy performed in evaluating the claim. I am going to grant the motion."[2]

III.  Discussion

    A.  Issue on Appeal

As set forth in the Debtor's Statement of Issues, the only question on appeal is whether the Bankruptcy Court erred in allowing the Trustee's Motion to Approve the Settlement Stipulation, which sought an order approving a settlement between the Trustee and R&R, regarding the Debtor's Malpractice Claims.

To the extent that the Debtor also seeks to reargue his Motion to Abandon the Malpractice Claim, that issue is not properly before this court.  On June 24, 2009, the Bankruptcy Court denied the Debtor's Motion to Abandon the Malpractice Claim.  The Debtor did not appeal that Order, and the time to appeal it has since passed.  Accordingly, whether the alleged malpractice claim should have been abandoned by the bankruptcy estate is not a proper subject of this appeal and this court does not address it below.

    B.  Analysis

---

[2] Record Appendix of Appellee Harold B. Murphy, Transcript of Hearing on Motion to Approve, 9:11-17.

"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157 ]."[3] On appeal, the district court reviews the Bankruptcy Court's rulings of law de novo, while findings of fact must be accepted unless clearly erroneous.[4] Equitable orders of the Bankruptcy Court are reviewed for abuse of discretion.[5] It is the latter standard that governs the present matter.

"The approval of a compromise is within the sound discretion of the bankruptcy judge,...and this court will not overturn a decision to approve a compromise absent a clear showing that the bankruptcy judge abused her discretion."[6] Applying this standard "against the background understanding that compromises are favored in bankruptcy," the First Circuit has articulated four considerations of which the bankruptcy judge should take account when determining whether to approve a compromise of a debtor's claim:

> "(i) The probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise."

The Bankruptcy Court's consideration of these factors should contemplate the fairness of the settlement, and "assess and balance the value of the claim that is being compromised against

---

[3] 28 U.S.C. § 158(a)(1).

[4] Fed. R. Bankr. P. 8013.  See also, Intrex, Inc. v. Commissioner, 321 F.3d 55, 58 (1st Cir. 2003).

[5] Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 30 (1st Cir. 1994).

[6] Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995).

the value to the estate of the acceptance of the compromise proposal."[7]  And importantly, in weighing these factors, the Bankruptcy Court should accord deference to the Trustee,[8] who is a "more appropriate arbiter of the 'best interests' of the chapter 7 estate" than the debtor or individual creditors.[9]

On the record presented here, it cannot be said that the Bankruptcy Court abused its discretion.  After a detailed investigation, the Trustee reached a conclusion as to the merits of the alleged Malpractice Claims and determined that pursuing them further would likely not provide any benefit to the Estate. The Trustee presented these findings to the Bankruptcy Court through two detailed pleadings, the Motion to Approve the Stipulation and the Reply to the Debtor's Opposition.  And at the hearing, the Trustee again recited the breadth and scope of his examination to the Bankruptcy Court.  Notably, URS, the only creditor in the bankruptcy proceeding other than R&R, did not object to resolving the Malpractice Claims by settlement.

The test to be applied in determining whether to approve a settlement is that of "the best interests of the creditors, taking into account their reasonable views."[10]   And the Bankruptcy Court, according proper deference to the Trustee's judgment that the evidence did not suggest a likelihood of success in litigation, determined that the Settlement Stipulation satisfied that test. Against the backdrop of a seemingly very real risk that litigation would result in no recovery at all for the estate, this court must conclude that the Bankruptcy Court, having thoroughly engaged

---

[7] Id. (internal quotation omitted).

[8] Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997).

[9] Kowal v. Malkemus (In re Thompson), 965 F.2d 1136, 1145 (1st Cir. 1992).

[10] In re Cajun Elec. Power Coop., 119 F.3d 349, 358 (5th Cir. 1997).

with the Parties' arguments, did not abuse its discretion in finding that settlement best served the interests of the creditors.

IV.     Conclusion

For the foregoing reasons, the Bankruptcy Court's <u>Order Approving the Settlement Stipulation</u> is AFFIRMED.

AN ORDER HAS ISSUED.

      /s/ Joseph L. Tauro
United States District Judge